IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINI
WHEELING DIVISION

FILED
OCT 27 2025
U.S. DISTRICT COURT- WVND
WHEELING, WV 26003

DIANA MEY,

    Plaintiff,

v.                                                                Civil Action No. 5:25 CV 243

PICKLEBALL SHOWDOWN, LLC,
BRANDON S. FRITZE.

    Defendants.

## COMPLAINT

Plaintiff Diana Mey ("Plaintiff") states as follows for her Complaint against Defendants Pickleball Showdown LLC, and Brandon Fritze:

### PRELIMINARY STATEMENT

1. Plaintiff Diana Mey brings this lawsuit under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. Plaintiff also brings this lawsuit under the West Virginia Consumer Credit and Protection Act, W.Va. Code §§ 46A-6F-501 and 601, a state statute prohibiting abusive, unfair, and deceptive telemarketing practices.

### PARTIES AND JURISDICTION

2. The Plaintiff, Diana Mey, is an individual residing in Wheeling, West Virginia.

3. Defendant, Pickleball Showdown LLC is a Pennsylvania limited liability

1

corporation headquartered in Philadelphia, Pennsylvania.

4. Pickleball Showdown LLC conducts business throughout this district and the United States.

5. Defendant Brandon S. Fritze is a resident of Philadelphia, Pennsylvania and is the Organizer and Owner of Defendant Pickleball Showdown LLC.

6. At all relevant times Defendants conducted business in West Virginia, solicited business in West Virginia, engaged in a persistent course of conduct in West Virginia, and/or derived substantial revenue from products and services sold in West Virginia.

7. Because several of Plaintiff's claims arise under federal law, this Court has subject-matter jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 as to the remaining state law claims.

8. Because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, venue is proper under 28 U.S.C. § 1391(b)(2). In particular, the telemarketing message calls to Plaintiff were received in this district.

## OPERATIVE FACTS

9. Defendant Brandon Fritze is the organizer and owner of defendant Pickleball Showdown LLC.

10. Defendant Pickleball Showdown runs and markets special events for players of pickleball and sells its services across the country, including in West Virginia.

11. To reach as many customers as possible over the telephone, Defendants rely on the use of automated tools to place "robocall" text message calls that can reach thousands of potential customers en masse.

12. Many of these text message calls are also placed to consumers who registered their phone numbers on the federal Do Not Call registry, as per Plaintiff's experience.

13. Plaintiff's wireless telephone number (the "Number"), 304-XXX-XXXX, is a residential number she uses for personal use and which has been listed on the National Do Not Call Registry continuously since 2003.

14. Plaintiff has never provided any of the Defendants nor their agents with prior express written consent to call her, nor does she have an established business relationship with any of the Defendants.

15. Despite Plaintiff's registration on the National Do Not Call Registry, beginning September 25, 2025 and continuing through at least October 5, 2025 Defendants' and/or their agents initiated unsolicited telemarketing text message calls to Plaintiff's Number with the express intent of generating business for Defendants Brandon Fritze and Pickleball Showdown.

16. The following is a screen shot of a marketing text message Plaintiff received from CID 877-931-0041 at 7:21 p.m. on September 25, 2025:



17. Twenty-three minutes after receiving this text message, Plaintiff replied "Who is this?". There was no response.

18. The following is a screen shot of a marketing text message Plaintiff received from CID 877-931-0041 at 8:50 a.m. on October 5, 2025:



19. Plaintiff replied "STOP" to the marketing text message she received on October 5, 2025.

20. On October 5, 2025 Plaintiff sent an email to brandon@pbshowdown.com, the contact address listed on Defendant Pickleball Showdown's website.[1]  In the email, Plaintiff noted her phone number's listing on the Do Not Call registry and her receipt of unsolicited text messages referencing Pickleball Showdown.  Plaintiff also requested information as to how her phone number came to be the recipient of the text messages.  There was no response.

21. Plaintiff never provided her consent or requested these text message calls.

22. The text message calls were not necessitated by any emergency.

23. The text message calls failed to identify the entity on whose behalf they were made and did not include any "opt-out" instructions.

---

[1] https://www.pbshowdown.com

24. Plaintiff was harmed by these text message calls. She was temporarily deprived of the legitimate use of her telephone and her privacy was improperly invaded. Moreover, they injured Plaintiff because they were frustrating, annoying, and disturbed the solitude of Plaintiff.

25. Plaintiff has never provided Defendants or any of their agents express written consent to call her, nor does she have an established business relationship with any of them.

26. Upon information and belief, the acts complained of herein were either the direct acts of Defendants or the acts of agents authorized to act on their behalf.

27. As such, Defendants are directly liable as to all Counts ascribed herein.

28. In the alternative, the acts complained of herein were carried out by agents operating for Defendants' benefit, or with actual, implied or apparent authority of Defendants, such that Defendants are vicariously liable as to all Counts ascribed herein.

29. In the alternative, Defendants ratified or accepted the benefits of the acts described herein, and are therefore jointly and severally liable as to all Counts ascribed herein.

## COUNT I: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA")

30. The preceding paragraphs are incorporated by reference herein as if set forth in their entirety.

31. The foregoing acts and omissions of the Defendants and/or their affiliates, agents affiliates, agents, or other persons acting on Defendants' behalf constitute multiple violations of the TCPA.

32. Defendants violated the TCPA, either directly or through the actions of others, by initiating more than one telemarketing text message call to Plaintiff in a twelve-month period while her number was on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c).

33. Defendants further violated the TCPA, either directly or through the actions of others, by failing to clearly identify themselves within their text message calls to the Plaintiff; *See* 47 C.F.R. § 64.1200 (d)(4).

34. Each of Defendants' actions, or those of agents operating on their behalf, were done willfully and/or knowingly.

35. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227, by initiating text message calls, except for emergency purposes, to any number listed on the National Do Not Call Registry.

36. The Defendants' violations were willful and/or knowing.

WHEREFORE, Plaintiff demands from Defendants statutory penalties and damages as provided by law in the amount of $1,500 per violation, prejudgment and post judgment interest, costs, attorney's fees, and whatever further relief the Court deems appropriate.

## COUNT II: VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT ("WVCCPA") – ABUSIVE ACTS OR PRACTICES

37. The preceding paragraphs are incorporated by reference herein as if set forth in their entirety.

38. Defendants and/or their agents are telemarketers as defined by W.Va. Code § 46A-6F-113.

39. Plaintiff, Diana Mey, is a consumer or purchaser as defined by W.Va. Code § 46A-6F-103.

40. Defendants and/or their telemarketing agents sought to sell consumer goods or services to Plaintiff as defined by W.Va. Code § 46A-6F-104, § 46A-1-102 (47).

41. Defendants and/or their agents called Plaintiff with the purpose of making telemarketing solicitations as defined by W.Va. Code § 46-6F-112.

42. Defendants and/or their agents committed abusive acts or practices as defined by W.Va. Code § 46A-6F-601(a)(2) because they engaged Plaintiff repeatedly or continuously with behavior that a reasonable person would deem to be annoying, abusive, or harassing.

43. Defendants and/or their agents committed abusive acts or practices as defined by W.Va. Code § 46A-6F-601(a)(3) because they initiated outbound text message calls to Plaintiff when, by registering her number on the National Do Not Call Registry, she previously indicated she did not want to receive such calls.

44. Defendants and/or their agents committed abusive acts or practices as defined

by W.Va. Code § 46A-6F-601(a)(5) because they engaged in other conduct which would be considered abusive to any reasonable consumer.

45. Each of Defendants' actions, or those of agents operating on their behalf, were done willfully or knowingly.

46. Accordingly, Plaintiff is entitled to relief from Defendants as prescribed by the penalties set forth in W.Va. Code § 46A-6F-701, including actual damages and a penalty in an amount to be determined by the Court of not less than one hundred dollars and not more than three thousand dollars per violation.

47. Plaintiff is further entitled to an adjustment for inflation on any award of damages as provided by W.Va. Code § 46A-6F-702.

WHEREFORE, Plaintiff demands from Defendant statutory penalties and damages as provided by law in the amount of $3,000 per violation, prejudgment and post judgment interest, costs, attorney's fees, and whatever further relief the Court deems appropriate.

JURY TRIAL DEMANDED.

                                      **DIANA MEY**

                                      /s/   Diana Mey
                                      Diana Mey, Pro Se
                                      14 Applewood Drive
                                      Wheeling WV  26003
                                      304-280-1607
                                      diana_mey@comcast.net